IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00087-BNB

TRUONG[1] T. NGUYEN,

    Applicant,

v.

BLAKE R. DAVIS – Warden,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 12 2010

GREGORY C. LANGHAM
                    CLERK

## ORDER OF DISMISSAL

Applicant initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On January 28, 2010, Applicant filed an amended application on the proper form. Applicant is challenging the validity of the sentence he received in his criminal case in the United States District Court for the District of Kansas. On March 1, 2010, Magistrate Judge Boyd N. Boland ordered Applicant to show cause why this action should not be dismissed because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the sentencing court. On March 10, 2010, Applicant filed his response to Magistrate Judge Boland's show cause order.

The Court must construe the amended application and Applicant's response to Magistrate Judge Boland's show cause order liberally because Applicant is not

---

[1] Although Applicant spells his first name as "Trong" in the caption of the amended application, he spells his first name as "Truong" in other documents. In addition, the certified copy of Applicant's trust fund account statement submitted to the Court in this action indicates that Applicant's first name is spelled "Truong." Therefore, the Court has used the name "Truong T. Nguyen" in the caption of this order.

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Applicant pled guilty in the District of Kansas to one count of distributing crack cocaine and he was sentenced to the mandatory minimum sentence of 120 months in prison. *See United States v. Nguyen*, No. 09-3024, 1009 WL 3739377 (10th Cir. Nov. 10, 2009). He specifically argues in this habeas corpus action that the calculation of his sentence should not have included a two-point enhancement for possession of a firearm because he did not actually possess a firearm.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d

672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366. Finally, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

Even if Applicant has been denied relief in the sentencing court, that fact alone would not mean that the remedy provided in § 2255 is inadequate or ineffective. *See Williams*, 323 F.2d at 673. Furthermore, substantive and procedural barriers to obtaining relief pursuant to § 2255 motion, by themselves, also do not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Caravalho*, 177 F.3d at 1178 (citing *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997)). The "extremely limited circumstances" in which § 2255 is not an adequate and effective remedy include circumstances when the sentencing court has been abolished or when the sentencing court refuses to consider a § 2255 motion, inordinately delays consideration of a § 2255 motion, or is unable to grant complete relief. *See id.* The remedy available pursuant to § 2255 also may be inadequate and ineffective if the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates Applicant is actually innocent. *See Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001).

Applicant argues in his response to Magistrate Judge Boland's show cause order that the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective because the plea agreement he signed included a waiver of his right to file

3

an appeal or collaterally attack his conviction and sentence. Assuming the waiver of his right to collaterally attack his conviction and sentence does not bar this action as well, Applicant's waiver of his right to file a § 2255 motion does not demonstrate that the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective. *See Winters v. Fisher*, No. 09-3312 (MJD/SRN), 2009 WL 5185756 at *3, n.3 (D. Minn. Dec. 22, 2009); *Murrah v. Rivera*, No. 9:08-3712-SB, 2009 WL 252095 at *1 (D.S.C. Feb. 2, 2009). Instead, Applicant's waiver of his right to file a § 2255 motion is merely a procedural bar to obtaining relief pursuant to § 2255 and, as noted above, the existence of a procedural bar is not sufficient to demonstrate that the remedy available pursuant to § 2255 is inadequate or ineffective. *See Caravalho*, 177 F.3d at 1178; *see also Rivera v. Warden*, 27 F. App'x 511, 516 (6th Cir. 2001) (finding that waiver of right to appeal and seek relief under § 2255 does not demonstrate that remedy available pursuant to § 2255 was inadequate or ineffective).

Finally, although not specifically argued by Applicant as a basis for finding that the remedy available pursuant to § 2255 in the sentencing court is inadequate or ineffective, the Court notes that Applicant cites a recent Supreme Court case in support of his claim in this action that was decided after his conviction became final. *See Watson v. United States*, 552 U.S. 74 (2007). As noted above, the remedy available pursuant to § 2255 may be inadequate and ineffective when the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates the petitioner is actually innocent. *See Reyes-Requena*, 243 F.3d at 903.

To the extent Applicant is relying on the Supreme Court's holding in *Watson*, the Court finds that *Watson* is not applicable to his claim in this action and does not demonstrate that the remedy available to Applicant in the sentencing court pursuant to § 2255 is inadequate or ineffective. In *Watson*, the Supreme Court held that a person who trades drugs for a gun does not "use" the firearm for the purposes of a conviction under 18 U.S.C. § 924(c)(1)(A). *Watson*, 552 U.S. at 76. However, Applicant is challenging a sentence enhancement for possession of a firearm. He does not allege that he was convicted of any offense under 18 U.S.C. § 924(c)(1)(A).

Therefore, the Court finds that Applicant fails to demonstrate the remedy available to him in the sentencing court pursuant to 28 U.S.C. § 2255 is inadequate or ineffective. As a result, the instant action will be dismissed.

Accordingly, it is

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed because Applicant fails to demonstrate that the remedy available to him in the sentencing court is inadequate or ineffective.

DATED at Denver, Colorado, this  12th   day of   March  , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00087-BNB

Trong T. Nguyen
Reg No. 19269-031
Federal Prison Camp
P.O. Box 5000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/12/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk